Spear, J.
The error found by the circuit court in the charge and for which the judgment was reversed was that the trial court erred in charging the doctrine of contributory negligence. We are of opinion that there is no error in the charge in this respect. The initial proposition in the charge as to plaintiff's negligence complained of is this: “The other issue of fact for your determination is 'as to whether or not he himself, by his own acts (the alleged negligence which the defendant sets up), contributed to the injury he received.” The issue as to negligence, or lack of it on the part of plaintiff, was squarely in the case by the pleadings. The defendant alleged it; the plaintiff denied it. Evidence was given by each party bearing upon it. It therefore became the duty of the court to instruct upon that aspect of the case. The testimony as to the incident showed that it was possible that each party was negligent in respect to bringing about the accident, and if the jury should find that to be the fact, plaintiff was not entitled to a verdict. That point was covered in the charge adequately, and left no opportunity for misapprehension oh the part of the jury. If the plaintiff was negligent and that negligence,-joined with that of the Company, caused the accident, it was quite immaterial what term the learned trial judge applied to it. The substance being properly charged the mere form is immaterial. Covering the precise point the judge said to the jury: “And if you find both that the Company was negligent, that the negligence was *212 the proximate cause, but if you find also that the plaintiff by his own negligence contributed to the injuries he received, then, too, you should find in favor of this defendant Company; or if you find that it was an accident in the purest sense of the word, and nobody was to blame for the injuries which this man received, then you should find in favor of the defendant.” This, in very brief form, covered all phases of the situation as shown by the evidence, and we think is not open to exception. It follows that the judgment of the circuit court will be reversed and that of the court of common pleas affirmed.
This conclusion is not inconsistent with the holding of the court in either Cincinnati Traction Co. v. Forrest, 73 Ohio St., 1, or Cincinnati Traction Co. v. Stephens, 75 Ohio St., 171, as in each of those cases there was neither allegation charging negligence against the plaintiff nor .evidence tending to prove such negligence. The conclusion is also directly supported by the late case of Glass v. The Wm. Heffron Co., ante, 70.

Reversed.

Davis, C. J., Shauck, Johnson, Donahue and O’Hara, JJ., concur.